UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STERLING SAVINGS BANK,<br><br>                    Plaintiff,<br><br>    v.<br><br>GARY DILLEY, an unmarried individual,<br><br>                    Defendant. | NO.  CV-04-0321-LRS<br><br>**JOINT PROTECTIVE ORDER RE: DOCUMENTS OR INFORMATION DESIGNATED AS "CONFIDENTIAL"** |

BEFORE THE COURT is the parties' joint Motion for Joint Protective Order Re: Document or Information Designated as "Confidential" (Ct. Rec. 63). The Court hereby **GRANTS** said motion and enters the following stipulated protective order presented to the Court by counsel for non-parties Bryn Jones, Jeff Dilley, Robin Kissee and Brian David Kissee, and counsel for plaintiff.

**IT IS HEREBY ORDERED** that in connection with discovery in this action pursuant to Federal Rules of Civil Procedure 26, 33, 35 and 37, that all personal financial records relating to Bryn Jones, Jeff

ORDER - 1

Dilley, and Robin Kissee and Brian David Kissee and any other document or any information designated as "Confidential Information" by the producing party shall only be used, shown or disclosed as provided herein:

I) Any producing party may designate any document or information contained in any response or answer to a request for production of documents, interrogatory, deposition or other discovery device, or any portion thereof, as "Confidential Information". All personal financial records relating to Bryn Jones, Jeff Dilley, and Robin Kissee and Brian David Kissee shall be considered "Confidential Information" within the meaning of this Stipulation and Order, without express designation as such.

ii) Confidential Information shall be made available only to "Qualified Persons" as defined by Paragraphs 3 and 4 hereof who shall have read this Stipulation and Order and who shall agree to be bound by the terms hereof. No other person shall have access to Confidential Information without approval of the party producing said Confidential Information or without approval of the Court, nor shall any such other person be informed of such Confidential Information by any person having access thereto.

iii) "Qualified Persons" as used herein means the Court and its officers, the parties to this Stipulation and Order and their counsel of record, in-house counsel for the parties who are engaged in the preparation of this action for trial and stenographic and clerical employees assisting such counsel who shall be informed by counsel of the provisions of this Order and shall be bound by it.

iv) Independent experts retained by any party may be included as "Qualified Persons" if they have executed a certification that

ORDER - 2

they have read this Protective Order and agree to be bound by the terms and conditions hereof. An executed original of that certification shall be filed with the Court and copies furnished to all counsel of record before such persons are given access to Confidential Information.

v) Confidential Information may be used solely for the purpose of this litigation and for no other purpose.

vi) Nothing contained in this Order shall prevent the use of Confidential Information at trial or at depositions, with appropriate safeguards. If such Confidential Information is used in depositions, all portions of the transcripts of such depositions and exhibits thereto which refer or relate to such Confidential Information shall be treated as confidential, and the party introducing such Confidential Information shall make arrangements with the reporter to bind the confidential portion of the transcript and exhibit separately and label it "Confidential Information". In addition, the deponent will be advised that pursuant to this Protective Order, he may not divulge any such Confidential Information except to Qualified Persons.

vii) All documents containing Confidential Information which are filed with the Court shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of the words "CONFIDENTIAL INFORMATION" and a statement substantially in the following form:

> "This envelope is sealed pursuant to order of the court and contains information designated confidential in this case by [name of party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the court or pursuant to stipulation of both parties to this action."

ORDER - 3

Said envelope or container shall not be opened without further order of the Court except by Qualified Persons who shall return the document to the Clerk in a sealed envelope or container. The Clerk of the Court is hereby directed to maintain such Confidential Information in a separate portion of the court files not available to the public.

viii) In the event any party desires to disclose to any other person any Confidential Information, counsel for that party shall give at least ten days' written notice to counsel for the party from whom the Confidential Information was obtained, together with a particular description of each document or deposition testimony to be disclosed and the identity (name, address and occupation) of each person to whom such disclosure is intended. The party from whom the Confidential Information was obtained shall have ten days thereafter in which to notify counsel for the inspecting party of any objection to such disclosure.

ix) In the event that the party from whom the Confidential Information was obtained objects to the intended disclosure sought by counsel for the inspecting party, the parties shall endeavor to negotiate all objections to disclosure. In the event negotiations fail to resolve objections, counsel for the inspecting party may petition the Court by letter with notice to other counsel for an order to allow disclosure, which disclosures shall otherwise be prohibited absent an order of the Court.

x) At the conclusion of this case, all documents and testimony designated or treated as Confidential Information and all copies thereof shall be returned to the counsel for the producing party. If any Confidential Information is furnished hereunder to

ORDER - 4

any expert or to any other person, the attorneys for the party retaining such expert or furnishing such Confidential Information shall be responsible to insure that all Confidential Information is returned to counsel for the producing party.

xi) Nothing in this order will prejudice either party from seeking amendments hereto broadening or restricting the rights of access to and use of Confidential Information or other modification hereof.

**IT IS SO ORDERED**. The District Court Executive is directed to provide a copy of this order to all parties appearing in this case.

DATED this 25th day of April, 2005.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
United States District Court Judge

Presented by
RANDALL & DANSKIN, P.S.
By:  s/Robert P. Hailey
     Robert P. Hailey, WSBA # 10789
Attorneys for Producing Parties
Approved:
BALL JANIK, L.L.P.
By:  s/ Richard J. Stone
     Richard J. Stone, WSBA #35912
Attorneys for Plaintiff

ORDER - 5